INGALLS and another, Appellants, v. VILLAGE OF WALWORTH, Respondent.

*No. 386. Submitted under sec. (Rule) 251.54 January 7, 1975.— Decided March 4, 1975.*
(Also reported in 226 N. W. 2d 201.)

774

The cause was submitted for the appellant on the brief of *Robert W. Arnold* and *Arnold, Arnold & Knight,* all of Elkhorn; and for the respondent on the brief of *Milton E. Neshek* and *Godfrey, Neshek, Worth & Howarth, S. C.,* all of Elkhorn.

HANLEY, J. Plaintiffs rely on *Wisconsin Town House Builders v. Madison* (1967), 37 Wis. 2d 44, 154 N. W. 2d 232, in support of their argument that the interest to be taken is insufficiently described in both the relocation order and jurisdictional offer. In the *Town House Case* the relocation order was made for the purpose of laying out a new street. The engineering maps for the improvement were attached to the order. A jurisdictional offer was made which stated that access rights to the new street, as well as the land on which the street would be constructed, were being condemned. The engineering plans attached to the order showed that the street was to be a controlled-access street, without driveways. This court held that the relocation order was sufficiently

definite to comply with sec. 32.05 (1), Stats., but the jurisdictional offer was not sufficiently definite to comply with sec. 32.05 (3), because it was confusing to the landowner and informed him that access rights which he did not own were being condemned. The point of the *Town House Case* is that the owner of land over which an improvement is to be constructed is entitled to notice of the nature and extent of the property interests which are being acquired from him and also entitled to know what rights, if any, he retains in the use of the proposed improvement of the land over which it is constructed.

Plaintiffs argue that the proposed taking in this case is insufficient because there are no engineering maps, data, plans or specifications of the planned sewer improvements included as part of the relocation order. Maps showing the location of the improvement are attached to the relocation order. Sec. 32.05 (1), Stats., does not require engineering drawings. Only a map or plat is required showing "location of lands and interests required" for the improvement. The scale drawings in this case are sufficient to satisfy the statute.

Plaintiffs also argue that the relocation order and jurisdictional offer do not sufficiently set forth the scope of the easements to be acquired. Involving, as it does, a question of law to be decided by the jurisdictional offer, this question was properly decided by the trial court on a motion for summary judgment. We affirm the trial court's conclusion that the scope of the easements is sufficiently defined. As we construe the language of the jurisdictional offer, the scope of the easement is limited to a sewer system consisting of underground pipe. The plaintiffs are not restricted in their use of the surface of the land, so long as this use does not interfere with the construction, operation, or maintenance of the underground sewer system.

*By the Court.*—Judgment affirmed.